**Jeffrey MCCULLOUGH, Petitioner–Appellant,**

v.

**Terry PITCHER, Respondent–Appellee.**

Nos. 00–2467, 01–1103.

United States Court of Appeals,
Sixth Circuit.

Aug. 29, 2002.

Before SILER, COLE, and CLAY,
Circuit Judges.

PER CURIAM.

Petitioner Jeffrey McCullough appeals the denial of his petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. The district court did not err in denying the petition because the state court's decision was a reasonable determination of the facts, and it was neither contrary to nor an unreasonable application of Supreme Court precedent. Therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, McCullough and his co-defendant, Duncan Edward Cameron, were tried jointly in the Oakland County Circuit Court and were convicted of first-degree criminal sexual conduct, M.C.L.A. § 750.520b. The convictions arose from charges that the two defendants and a third man, Michael MacKay, raped the complainant in Cameron's apartment. In considering McCullough's ineffective assistance claims, the trial court summarized the facts as follows:

On the evening of June 12, 1994, [ ] Jeffrey McCullough, Duncan Edward Cameron, and Michael Matthew MacKay were driving in a car. They offered a ride to the complainant, a female who was walking alone at night in the rain along M–59. She accepted the offer and agreed to go with them to Cameron's apartment to have a drink. There was evidence that MacKay slipped some of McCullough's prescription medication into the complainant's drink. Subsequently, MacKay lured the complainant into a bedroom where he held her down

and raped her. At different times, both McCullough and Cameron entered the room and also had forcible sexual contact with the complainant.

The three men were all charged with First Degree [Criminal Sexual Conduct]. Michael MacKay pled guilty to two Counts of Second Degree [Criminal Sexual Conduct], while [McCullough] and Mr. Cameron were tried together to a jury. The same retained counsel represented both of them at trial, and their joint defense was that the complainant consented to all acts by all three men, and that she voluntarily ingested the drugs.

After pursuing his direct and collateral appeals in the Michigan courts, McCullough filed this habeas petition, which the district court dismissed. A certificate of appealability was granted for three of McCullough's assignments of errors alleging ineffective assistance of counsel.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review of this matter. AEDPA only provides habeas relief for a state prisoner where the determination

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### I. Conflict of Interest

Attorney Howard Siegrist represented both McCullough and Cameron at trial. McCullough's first two assignments of error allege ineffective assistance because of a conflict of interest between Siegrist and McCullough due to this joint representation.

The Michigan Court of Appeals agreed with McCullough that the trial court did not comply with Michigan Court Rules regarding joint representation because "[n]either the judge nor defense counsel stated on the record their reasons for believing that the joint representation would not cause a conflict of interest as required under MCR 6.005(F)(1) and (3)" and "violated MCR 6.005(G) by failing to determine whether a conflict of interest existed during trial." *People v. McCullough*, No. 187160, 1997 WL 33331104, at *1 (Mich.Ct. App. Nov.4, 1997). The court did not find that these errors warranted reversal. Regardless, the trial court's violations of state court rules are not grounds for habeas relief. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984).

McCullough also argues that the trial court failed to meets its federal constitutional obligation. Relying on *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), he alleges that the trial court's failure to make an inquiry into the conflict of interest deprived him of a loyal attorney, violating his Sixth Amendment rights.

The Michigan Court of Appeals held that there was no conflict of interest affecting the adequacy of representation because the two defendants never deviated from the central issue in the case: whether the sexual activity with the complainant was consensual. The state court's finding that McCullough and Cameron presented a consistent defense and, as a result, McCullough failed to demonstrate an actual conflict of interest were reasonable determinations.

McCullough also claims that he was deprived of the effective assistance of counsel

due to this same conflict of interest during plea negotiations. He contends that because he wanted to plead guilty and Cameron wanted a trial, an actual conflict of interest arose from the joint representation.[1] The trial transcript belies this claim, clearly indicating that McCullough wanted a jury trial because he believed he was innocent. Just prior to trial and outside the presence of the jury, the following colloquy occurred:

> MR. [SIEGRIST]: ... Mr. McCullough, just so—we all want to be protected, and the way we're all protected is to make a record. I just want you to acknowledge for purposes of the record that we did have on-going discussions about plea negotiations in this matter, culminating in just maybe a half hour ago, forty-five (45) minutes ago. And, is that true?
>
> DEFENDANT McCULLOUGH: Yes, sir.
>
> MR. [SIEGRIST]: Okay. And in outlining to you, outlining the Prosecution's position and what they were willing to do, you have a chance to consider that. And my understanding is that you have decided not to accept that offer, any offer made by the Prosecution, and that you believe you are not criminally responsible in this matter, and therefore, you want to proceed to a jury trial, is that correct?
>
> DEFENDANT McCULLOUGH: Yes, sir.
>
> MR. [SIEGRIST]: Okay. Is there anything else you want to say, or add to ...

> DEFENDANT McCULLOUGH: I thought it was a very nice—you know, if I was guilty, I would have definitely took it. So, thank you.

Furthermore, even assuming that McCullough wanted to plead guilty and Cameron wanted a trial, the record reflects that the prosecutor was willing to accept the proposed plea bargain only if both defendants pled guilty, and Cameron was not prepared to plead guilty.

## II. Counsel's Performance

McCullough's third claim is that he was deprived of the effective assistance of trial counsel by his poor performance. To prevail on his claim, McCullough must demonstrate that (a) counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (b) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Michigan Court of Appeals and the trial court found that McCullough demonstrated neither deficiency nor prejudice regarding the alleged errors. Under AEDPA, we must defer to those determinations unless unreasonable, a burden which McCullough fails to carry.

AFFIRMED.

---

1. As a threshold matter, the government claims that McCullough has failed to exhaust this issue, which McCullough contests. As we agree with the district court that the issue lacks substantive merit, we need not address these arguments. *See* 28 U.S.C. § 2254(b)(2)

("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").